LESLIE v. MOLLICA.

1. PHYSICIANS AND SURGEONS—COMMON-LAW LIABILITY FOR MAL-
   PRACTICE—CONSTRUCTION OF STATUTE.
   The common-law accountability of physicians and surgeons
   for malpractice is not enlarged or changed by 3 Comp.
   Laws 1915, § 12765; the purpose of said statute being to
   hold empirics to the same accountability for malpractice
   as licensed physicians and surgeons.[1]

2. SAME—PHYSICIAN'S ACTION FOR SERVICES AND PATIENT'S FOR
   MALPRACTICE INDEPENDENT.
   A physician's right of action for services and the patient's

[1]Physicians and Surgeons, 30 Cyc. p. 1574.

right of action for malpractice are independent and remain so unless and until the patient, when sued for services, injects the issue of malpractice either to defeat the claim or to obtain damages by way of recoupment or counterclaim.[2]

3. SAME—ACTION—SPLITTING CAUSE OF ACTION.

A patient's action for malpractice is indivisible, and may not be split and employed as an affirmative defense to an action by the physician for services and later employed as the foundation of an action for malpractice.[3]

4. SAME—RES JUDICATA.

A patient who by pleading malpractice defeats a physician's action for services is thereby barred from bringing an action for damages for the malpractice.[4]

Error to Wayne; Smith (Guy E.), J., presiding. Submitted October 12, 1926. (Docket No. 77.) Decided December 8, 1926.

Case by Amos Leslie against Stephen G. Mollica for malpractice. Judgment for defendant on a directed verdict. Plaintiff brings error. Affirmed.

*Lucking, Hanlon, Lucking & Van Auken,* for appellant.

*Lodge & Brown* and *Douglas, Barbour, Brown & Rogers,* for appellee.

WIEST, J. This is an action against a physician and surgeon to recover damages for malpractice in treating plaintiff's fractured arm. In the circuit court judgment passed for defendant on the ground that plaintiff, when sued in the justice's court by the physician for medical services, gave notice, under the plea, of malpractice, and thereby defeated such action. In the declaration filed herein, plaintiff counted on the judgment in the justice's court as *res judicata* of

---

[2]Judgments, 34 C. J. §§ 1267, 1276; [3]Id., 34 C. J. § 1275; [4]Id., 34 C. J. § 1275; 45 L. R. A. 541; 22 L. R. A. (N. S.) 222; 21 R. C. L. 403.

defendant's negligence.      Defendant, by plea and notice, asserted that plaintiff's use of his claim for malpractice, in the justice's court, exhausted his remedy for such injury and it could not be made the basis of this suit.      At the trial plaintiff offered the docket of the justice to prove the judgment of no cause of action in the suit brought by the physician for services.      This proof was excluded.      In the justice's court, under plea of the general issue, notice was given of malpractice.      Both parties were represented by counsel in the justice's court and evidence was given in support of the defense of malpractice. Plaintiff's review by writ of error presents the governing question of whether he is barred from prosecuting this suit by the judgment in the justice's court.

Defendant invokes the rule *res judicata*, while plaintiff invokes the doctrine *res judicata pro veritate accipitur*— "A matter decided or passed upon by a court of competent jurisdiction is received as evidence of truth," and insists the judgment in the justice's court is no bar, but rather a determination of defendant's malpractice.

Plaintiff directs attention to section 12765, 3 Comp. Laws 1915, and claims it sustains his right to plead malpractice by defendant in defense of the suit in justice's court, and, upon defeat of defendant's action there for services, to bring this action for malpractice. The statute mentioned provides:

"If any person professing or holding himself out to be a physician or surgeon, shall be guilty of any malpractice, an action on the case may be maintained against such person so professing, and the rules of the common law, applicable to such actions against licensed physicians and surgeons, shall be applicable to such actions on the case; and such malpractice, may be given in evidence, in bar of any action for services rendered by such person so professing."

The purpose of this statute is apparent; it is aimed

at empirics, and holds all such to the same account-
ability for malpractice as licensed physicians and
surgeons.    This statute does not change, or attempt
to change or enlarge, the common-law accountability
of physicians and surgeons for malpractice.    An
examination of the legislative history of the statute
discloses that, from its inception in 1838, it was in-
tended to apply to any person not licensed as a
physician or surgeon but professing or holding him-
self out to be a physician or surgeon.    Defendant
is a licensed physician and surgeon, and the statute
mentioned has nothing to do with the case.

This statute, in part, first appeared in Revised
Statutes 1838, pt. 1, tit. 8, chap. 2.    That chapter
related to medical societies and regulations concern-
ing the practice of physic and surgery, and the section
(§ 8) read:

"No person shall commence the practice of physic
or surgery within this State, until he shall have passed
examination, and received a diploma from one of the
said societies; and if any person shall practice physic
or surgery within this State, without first having ob-
tained such license for that purpose, or after such
license shall have been annulled, he shall be incapable
of suing or collecting any debts or charges, in any
court, incurred and charged for or by reason of having
so practiced."    *    *    *

That statute closed the courts to empirics claiming
professional fees, but did not, in terms, hold them for
malpractice according to the rules of the common law
applicable to such actions against regular physicians
and surgeons.    This was evidently soon apparent for,
by Act No. 38, Laws 1843, there was added to the
section the following:

"If any person who proposes to be a physician or
surgeon, or shall hold himself out to the public or any
person employing him to be such, shall be guilty of
any neglect or malpractice, an action on the case may

be maintained against such person so professing .and the rules of the common law applicable to such actions against physicians and surgeons, shall be applicable to such actions in the case."

Whether this declared more than the common-law rule is questionable.    In Revised Statutes 1846, p. 172, § 36, it was made a misdemeanor for any person to falsely represent himself to be a duly licensed physician or surgeon and procure himself to be employed as such.    This was followed by section 37, which brought the above mentioned provisions of the Revised Statutes of 1838 and the law of 1843 together in the following language:

"SECTION 37.    If any person professing or holding himself out to be a physician or surgeon, shall be guilty of any neglect or malpractice, an action on the case may be maintained against such person so professing, and the rules of the common law applicable to such actions against licensed physicians and surgeons, shall be applicable to such actions on the case; and such malpractice or neglect may be given in evidence in bar of any action for services rendered by such person so professing."

With the exception of the word "neglect" this is word for word our present statute.    There seems to have been a period when the law was not in effect for it was re-enacted, as we now have it, by Act No. 287, Laws 1865.    This, however, is immaterial and not worth the time of looking up.

We have given the legislative history of the statute to demonstrate that in origin it was intended and ever since has been aimed at empirics to bring them to the same accountability as licensed physicians and surgeons, and never changed, or attempted to change or in any way affect the common-law liability of physicians and surgeons.    We therefore eliminate from consideration the statute invoked by plaintiff.

Plaintiff claims that, regardless of the statute, he

had a right to plead malpractice in the justice's court and so defeat the action of the physician for services, and also maintain this action to recover damages for the same malpractice. This question we will now consider.

The suit in justice's court, by the physician for his services, did not draw in issue, by its own force, the patient's independent cause of action for malpractice. It was optional with the patient to make malpractice of the physician an issue in that suit, either to defeat recovery for services or to have damages awarded by way of recoupment or counterclaim, but this involved the hazard of losing all other remedy. It is true, respectable authority is found holding that a recovery for services by the physician bars an action for malpractice by the patient and in jurisdictions where such rule prevails the patient, when sued, is in quite a dilemma for, if he does not defeat the action for services the judgment for services is *res judicata* that there was no malpractice. Few cases, however, adopt such rule. In some jurisdictions the rule only applies in case the patient appears and defends. The better view, we think, is that the actions, one by the physician for services and the other by the patient for malpractice, are independent and remain so unless and until the patient, when sued for services, injects the issue of malpractice either to defeat the claim or to obtain damages by way of recoupment or counterclaim. Cases on the whole subject just mentioned are collated in 45 L. R. A. 541, and 46 L. R. A. (N. S.) 219. Plaintiff's action for malpractice was indivisible, could not be split and employed in justice's court as an affirmative defense and later as foundation for this action. The rule against splitting a cause of action is stated in *Continental Ins. Co.* v. *Lumber Co.,* 93 Mich. 139 (32 Am. St. Rep. 494) ; *Jensen* v. *Gamble,* 191 Mich. 233.

In *Lawson* v. *Conaway*, 37 W. Va. 159, 173 (16 S. E. 564, 18 L. R. A. 627, 38 Am. St. Rep. 17), it was tritely said:

"The right to sue for malpractice is both a defense and a subject for cross-action, and if used for either purpose—that is, either by way of defense or recoupment—it destroys the vitality of the claim, if sought to be used in an independent action."

In *Ressequie* v. *Byers*, 52 Wis. 650 (9 N. W. 779, 38 Am. Rep. 775), it was said:

"The plaintiff's claim for damages resulting from malpractice constitutes a separate and independent cause of action, which he can enforce without disturbing any matter litigated in that case.        (An action for services.)        He was not compelled to make the defense before the justice that the defendant's services were of no value, in order to save his rights.        He had his election either to recoup his damages *pro tanto* in the justice's court or go for his entire claim in this.        It seems to us that this is the better and more convenient rule to lay down upon the subject.        If the plaintiff were compelled to make his defense in the justice's court, that the professional services were of no value, and that he had been injured by the defendant's negligence, then it would follow that he must either split his demand so that there might be two suits instead of one upon it, or content himself with merely defeating the claim for services, or limit his damages to $200, the extent of the jurisdiction of the justice. We are not inclined to adopt a rule which would lead to any such inconvenient consequences."

We do not adopt the rule requiring the patient to make the defense of malpractice in justice's court when sued by the physician for services.        He may do so, however.        This court is committed to the doctrine that an independent right of action in behalf of one sued may be put in issue or withheld at the option of a defendant.        *Mimnaugh* v. *Partlin*, 67 Mich. 391.        But plaintiff, although not required to make the defense of malpractice in the suit in justice's

court, elected to do so, and thereby visited upon himself the legal consequences resulting.

As stated in *Ressequie* v. *Byers, supra:*

"It is needless to remark that if the plaintiff in this suit had set up the defense of malpractice in the action before the justice, an adjudication upon that issue would then have been a bar. The case then would come within a very familiar principle. *Howell* v. *Goodrich,* 69 Ill. 556."

The notice under the plea in the justice's court averred malpractice, and plaintiff, as defendant in that case, offered proof in support of such affirmative defense, and, in the declaration in this case, counted on an adjudication of malpractice in the justice's court, and at the trial attempted use of the record of the judgment in the justice's court to show an adjudication that defendant herein was guilty of malpractice.

In *Jordahl* v. *Berry,* 72 Minn. 119, 123 (75 N. W. 10, 45 L. R. A. 541, 71 Am. St. Rep. 469), it was held, quoting from the syllabus:

"A judgment by default in action by a physician against his patient to recover for professional services is not a bar to an action by the patient against the physician for damages caused by malpractice in the performance of such services."

But, *arguendo,* the court said:

"If plaintiff had appeared and defended those actions, he would have been put to the alternative of alleging the malpractice as a mere defense, or of setting it up as a cross claim. In either case the judgment would be a bar or estoppel on that issue. If he had adopted the latter course, he could only have recovered $100, the limit of the justice's jurisdiction, and could never have recovered any more in another suit, because he would not be allowed to split a single cause of action. On the other hand, had he set up the malpractice merely as a defense, and the claims of the defendants for services were less than $15, the issue, involving the claim of $5,000, would have

been conclusively determined by the judgment of the justice." * * *

This graphically states the rule of law brought to bear by plaintiff's appearance, plea, issue, evidence, and judgment in the justice's court.

The record does not disclose whether damages for malpractice were sought in the suit in justice's court, but that is immaterial, as it is manifest that malpractice by the physician was alleged and employed as an affirmative defense, and defeated the physician's claim for services. We are constrained to hold that plaintiff's use of his right of action for malpractice in defense of defendant's claim for services in the suit in justice's court bars this action.

The judgment in the circuit court is affirmed, with costs to defendant.

BIRD, C. J., and SHARPE, SNOW, STEERE, FELLOWS, CLARK, and McDONALD, JJ., concurred.