TERNES STEEL COMPANY *v.* LADNEY.

1. JUDGMENT—SUMMARY JUDGMENT—UNLIQUIDATED DAMAGES.
   Summary judgment may not be entered when damages are unliquidated.

2. SAME—SUMMARY JUDGMENT—DENIAL OF AVERMENTS IN DECLARATION—BILL OF PARTICULARS.
   A claim for difference between the contract price for plastic door pulls and what plaintiff had to pay for brass pulls which were used as substitutes, an item set forth in plaintiff's bill of particulars and set forth in greater detail in a paragraph of plaintiff's declaration and which portion of the declaration was specifically denied in defendant's answer, thereby created a question of fact that was not resolved by failure to repeat the denial of the item when it appeared in the bill of particulars, hence, entry of summary judgment for failure to deny items in the bill of particulars was error (Court Rule No 23, § 2 [1945]).

3. PLEADING—BILL OF PARTICULARS—TRIAL OF ISSUES OF FACT.
   A failure to deny items of bill of particulars which merely repeats matter set forth in more detail in the declaration would not bar the defendant from trial on the issues raised by pleadings, where his answer specifically denied the averments in the declaration, it being the function of the bill of particulars to explain and amplify the declaration (Court Rule No 23, § 2 [1945]).

---

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 41 Am Jur, Pleading § 341.
   What amounts to "debt," "liquidated demand," "contract," etc., within contemplation of summary or expedited judgment statutes. 107 ALR 1221.
[3] 41 Am Jur, Pleading § 268 *et seq.*
[4] 3 Am Jur, Appeal and Error § 820.
[5] 30A Am Jur, Judgments § 387.
   Judgment in action in which matter was asserted as a defense without seeking affirmative relief as precluding use of such matter as basis of an independent action, offset or counterclaim. 83 ALR 642.

4. APPEAL AND ERROR—QUESTIONS REVIEWABLE—BREACH OF WAR-
RANTY.

Whether or not defendant had breached his warranty, used as
a defense by plaintiff corporation when sued by him for balance
due under contract to manufacture door handles, and adjudi-
cation thereon is discussed in second case between the parties
notwithstanding issue was not argued to, or considered by,
the trial judge nor determinative on appeal in second case,
where reversal is sought by defendant on such ground and is
apt to be relied on by defendant on remand.

5. JUDGMENT—RES JUDICATA—UNUSED INDEPENDENT CLAIM.

A litigant whose right to affirmative relief is independent of a
cause of action asserted against him but used as a defense
therein is barred from seeking affirmative relief thereon in a
subsequent proceeding, but if the claim is not relied upon as
a defense to the first action or a counterclaim thereto, he is
not barred from subsequently maintaining his action for af-
firmative relief in an independent suit.

Appeal from Wayne; Wise (John M.), J. Sub-
mitted June 9, 1961. (Docket No. 39, Calendar No.
48,953.) Decided November 30, 1961.

Case by Ternes Steel Company, a Michigan corpo-
ration, against Michael Ladney, Jr., doing business
as Detroit Plastic Molding Co., for damages resulting
from breach of contract. Summary judgment for
plaintiff. Defendant appeals. Reversed and re-
manded.

*Maiullo & Maiullo* (*Joseph A. Maiullo,* of counsel),
for plaintiff.

*Cross, Wrock, Miller, Vieson & Kelley* (*W. Robert
Chandler,* of counsel), for defendant.

SOURIS, J.  Plaintiff contracted to purchase from
defendant 40,000 plastic door handles and a 4-cavity
die which was to be used by defendant in their
manufacture. After the die had been made by de-
fendant and paid for by plaintiff and after 7,674

door handles had been made, delivered, and paid for, plaintiff refused further deliveries, claiming breach by defendant of an express warranty of fitness.

Defendant thereupon instituted suit against the plaintiff in the common pleas court for the city of Detroit for his damages resulting from plaintiff's refusal to continue performance of the contract. Plaintiff's defense in that suit was that it was excused from further performance by virtue of defendant's prior breach of the warranty of fitness. The common pleas court judge found that defendant had breached his warranty and denied him recovery on his suit on the contract.

In the meantime, plaintiff instituted this suit in the Wayne county circuit court for recovery of the amount it had paid defendant for the die, its costs incurred to repair the door handles delivered, the increased purchase price it had to pay for brass handles over defendant's contract price for plastic handles, and interest thereon. Trial of the case was delayed from time to time by apparent agreement of the parties until decision in the common pleas court case, and thereafter until its affirmance on appeal to the circuit court and then to this Court. See *Ladney* v. *Ternes Steel Co.*, 359 Mich 228.

Shortly after we affirmed the judgment in *Ladney* v. *Ternes Steel Co.*, plaintiff moved for summary judgment in this suit, claiming that its damages were liquidated and that our affirmance of *Ladney* v. *Ternes Steel Co.* was *res judicata* of defendant's breach of warranty.*

Defendant filed an affidavit of merits opposing entry of summary judgment on the ground that

---

* Quite obviously, plaintiff meant that the prior judgment was *res judicata pro veritate accipitur*, that is, that determination of defendant's breach of warranty in the first action is conclusive evidence of such breach in the present action.

damages were disputed and not liquidated, thereby leaving a factual issue which required trial of the case. Summary judgment was entered by the circuit court for the cost of the 4-cavity die, for the difference in cost between defendant's plastic pulls and brass pulls purchased as replacements, and for interest and court costs.

Defendant prosecutes this appeal, asserting as grounds for reversal: (1) a triable issue of fact existed as to damages thereby precluding entry of a summary judgment, and (2) plaintiff is barred from suing for damages for breach of warranty because of the rule against splitting a cause of action, plaintiff having relied upon the breach of warranty as a defense in the first suit.

Plaintiff does not deny the soundness of the proposition that summary judgment may not be entered when damages are unliquidated, but insists that the defendant admitted plaintiff's damages by failing to answer the unverified bill of particulars contained in plaintiff's declaration as required by court rule. Court Rule No 23, § 2 (1945), provides in part:

"Every material allegation in the declaration or bill to which the defendant shall not make answer shall be taken as admitted by the defendant.  *  *  * When an unverified bill of particulars is filed with any of the common counts, the answer shall deal with the items therein set forth in the same manner as though they were alleged in the declaration."

The trial court ruled that defendant, having failed to deny the items of damages listed in plaintiff's bill of particulars, must be deemed to have admitted the amount of damages. In this we think he erred. A major portion of the damages consisted of plaintiff's claim for $1,224.23, being the difference between the contract price for plastic door pulls and what plain-

tiff had to pay for brass pulls which were used as substitutes. That claim was set forth as an item in plaintiff's bill of particulars. It was also set forth in greater detail in paragraph 9 of plaintiff's declaration. Defendant in his answer specifically denied the allegations contained in the ninth paragraph of the declaration. The factual issue thus created should not be held to have been resolved by failure to repeat the denial of the item when it appeared in the bill of particulars. The bill of particulars is designed to explain and amplify the declaration. *O'Rourke* v. *Duffenbough,* 280 Mich 407. As such, the reason for requiring an item by item denial of the matter contained therein is apparent. When, as in this case, the bill of particulars does not explain or amplify but merely repeats, failure to answer it should not bar defendant from trial on the issues raised by the pleadings. The motion for summary judgment should have been denied, and we are, therefore, compelled to reverse the judgment entered and to remand for further proceedings.

Defendant's second ground for reversal, that use of his breach of warranty as a defense in the first case bars its use in this case as a basis for affirmative relief, was not pleaded below nor was it argued to, or considered by, the trial judge. Although not determinative of this appeal (*Poelman* v. *Payne,* 332 Mich 597, and cases cited therein), it might be discussed profitably because of the probability that it will be relied upon by defendant on remand.

The contention is sometimes cast in terms of *res judicata,* in the sense that a prior adjudication is a bar to a subsequent action, and sometimes in terms of the rule against splitting a cause of action. An analogous situation was before our Court in *Leslie* v. *Mollica,* 236 Mich 610 (49 ALR 546). In that case

a physician sued his patient in justice court to recover the value of services rendered. The patient pleaded the physician's malpractice as a defense and prevailed. Later, when the patient brought suit in circuit court for malpractice, we held that the cause of action could not be split by asserting it as a defense in one case and as a basis for affirmative relief in another case. We reached this conclusion even though in the *Leslie Case,* as in this present case, the cause of action could not have been asserted as a counterclaim in the justice court without waiving a substantial portion of the alleged damages. For a general discussion of the rule as announced in the *Leslie Case* as well as citations to the many concurring authorities see 8 ALR 694, 83 ALR 642, and 147 ALR 196. See, also, *Ward* v. *Fellers,* 3 Mich 281; *Hewett Grocery Co.* v. *Biddle Purchasing Co.,* 289 Mich 225; and *Corkins* v. *Ritter,* 326 Mich 563. We conclude that when a litigant's right to affirmative relief is independent of a cause of action asserted against him and it is relied upon only as a defense to that action, he is barred from seeking affirmative relief thereon in a subsequent proceeding. But if he does not rely upon his claim as a defense to the first action, or as a counterclaim thereto, he is not barred from subsequently maintaining his action for affirmative relief in an independent suit. *Mimnaugh* v. *Partlin,* 67 Mich 391, and *Jennison Hardware Co.* v. *Godkin,* 112 Mich 57.

In other words, plaintiff can plead defendant's breach of warranty as a defense in the first suit, he can plead it as a defense and as a counterclaim in the first suit, or he can sue thereon subsequently for affirmative relief, but he cannot combine the alternatives. Once he raises the issue, it must be fully and finally determined.

Judgment reversed and remanded for further proceedings. Costs to defendant.

KELLY, BLACK, EDWARDS, and KAVANAGH, JJ., concurred with SOURIS, J.

DETHMERS, C. J., and CARR, J., concurred in reversal.

OTIS M. SMITH, J., took no part in the decision of this case.