## SCHUHARDT *v.* JENSEN.

1. JUDGMENT—FINDING OF FACT—OFFSET—INTEREST.
   Finding of trial court that any obligation owed by plaintiff to defendants was offset by interest the latter owed the former necessarily implies a finding that plaintiff had lent money to defendants.

2. SAME—RES JUDICATA—UNUSED INDEPENDENT CLAIM.
   A litigant whose right to affirmative relief is independent of a cause of action asserted against him but is used as a defense is barred from seeking affirmative relief thereon in subsequent proceeding.

---

REFERENCES FOR POINTS IN HEADNOTES
[1–3, 5] 30A Am Jur, Judgments § 382 *et seq.*
[4] 12 Am Jur 2d, Bills and Notes § 1026.

3. SAME—COUNTERCLAIM—REMOVAL OF ACTION.

> Action in common pleas court by defendants in circuit court action to recover rent owed by plaintiff in this action, where common pleas court had held that a loan existed and obligation owed by plaintiff was offset by interest defendants owed him, entitled the plaintiff to a counterclaim up to the limit of the court's jurisdiction, or, since his claim was for more than the jurisdictional limit, he could have removed the action to circuit court (CLS 1961, §§ 600.6935, 728.1, as amended by PA 1965, No 392).

4. BILLS AND NOTES—DEMAND NOTE—PRINCIPAL—INTEREST.

> Action for principal and interest on a demand note is indivisible.

5. JUDGMENT—MERGER OF CAUSE OF ACTION—DEMAND LOAN—PRINCIPAL—INTEREST.

> Action for principal and interest on a demand note is indivisible, and where plaintiff expressly claims that a loan made by him to defendant was due when made, plaintiff's cause of action for money loaned was merged in the judgment he received in a prior action brought by defendants to recover rent owed by plaintiff, in which plaintiff had successfully offset his obligation against interest due him on the loan.

Appeal from Wayne, Neuenfelt (Lila M.), J. Submitted Division 1 October 4, 1967, at Detroit. (Docket No. 3,379.) Decided April 3, 1968.

Complaint by Arthur L. Schuhardt against Ernest and Erna Jensen to recover $7,000 paid defendants. Summary judgment for defendants. Plaintiff appeals. Affirmed.

*Russell A. Buyers,* for plaintiff.

*Cassese & Batchelder,* for defendants.

LESINSKI, C. J.   Plaintiff appeals from a summary judgment granted against him on the ground that the cause of action he asserts had previously been used by him as an affirmative defense in an earlier action brought by one of the defendants.

Arthur Schuhardt sues defendants, Ernest and Erna Jensen, for $7,000 he allegedly loaned to them. They moved for summary judgment, stating that in a prior action Ernest Jensen had brought against plaintiff in the common pleas court for rent due, Schuhardt had successfully pleaded as a defense the cause of action he attempts to assert here. The circuit judge, in granting the motion for summary judgment, found that essential to the earlier judgment entered by the common pleas court in favor of Schuhardt was a determination of the issue he would raise here.

We concur that, under the circumstances found here, plaintiff should be estopped. When plaintiff raised his affirmative defense in the prior action, he chose to put in issue between the parties the same cause of action he would assert here. Under the interpretation of *res judicata* given for our jurisdiction by the Supreme Court in *Ternes Steel Company* v. *Ladney* (1961), 364 Mich 614, plaintiff is estopped.

Arthur Schuhardt is the brother of Erna Jensen. After the death of his wife, Shuhardt came to live with his sister and her husband until friction generated by his living in the defendants' home caused him to leave. During the time he lived with the defendants, the plaintiff withdrew $7,000 from his bank account and gave that amount to the defendants who used the money to discharge the mortgage on their house. Now plaintiff claims that that $7,000 was a loan. The defendants claim it was a gift. The record before us provides no evidence, written or oral, to support the plaintiff's bare assertion that these parties entered into a loan agreement.

But the crucial point here is that the issue has been litigated. Judge Stanczyk of the common pleas court for the city of Detroit, in the prior action brought by the defendant Ernest Jensen, gave judg-

ment for Schuhardt. Essential to the decision of
the common pleas court was a finding that any ob-
ligation owed by Schuhardt was offset by the inter-
est the Jensens allegedly owed him. This decision
necessarily implies the finding that the loan existed.
The plaintiff, having asserted his cause of action as
an affirmative defense in the earlier suit, is estopped
to assert it again here. *Leslie* v. *Mollica* (1926),
236 Mich 610; *Ternes Steel Company* v. *Ladney,
supra.* In the prior action, plaintiff would have
been entitled to counterclaim up to the $5,000 juris-
dictional limit of the common pleas court, CLS 1961,
§ 728.1, as amended by PA 1965, No 392 (Stat Ann
1968 Cum Supp § 27.3651). Alternatively, since his
claim was for more than the $5,000 jurisdictional
limit then in effect, the plaintiff could have removed
the action to the circuit court. CLS 1961, § 600.6935
(Stat Ann 1962 Rev § 27A.6935).

The plaintiff argues that he has not split his cause
of action because, he claims, an action for the inter-
est on a loan should be divisible from an action on
the principal. But the plaintiff concludes this argu-
ment against himself because he concedes it is the
law that an action for the principal and interest on
a demand note is indivisible, and in his complaint
in this action he explicitly claims that the disputed
loan was due and owing on the date it was made.
*Shelton* v. *Wilson* (1936), 274 Mich 433, relied upon
by plaintiff, does not serve him; for there the Court,
in concluding on the very different facts present
there, recognized that in the case of a demand note
only one claim can be brought. The claim, having
been used as an affirmative defense, cannot be sued
upon in an independent action. *Leslie* v. *Mollica,
supra,* and *Ternes Steel Company* v. *Ladney, supra.*
All the cause of action plaintiff may have had on

this disputed sum was merged in the judgment plaintiff had in the prior common pleas court action.

Affirmed. Costs to appellees.

J. H. GILLIS and T. G. KAVANAGH, JJ., concurred.