KELLEPOUREY v BURKHART

Docket No. 95033. Submitted June 5, 1987, at Detroit. Decided September 21, 1987.

Daniel Kellepourey and Kenneth C. Burkhart were equal shareholders in a corporation. In 1978, Burkhart commenced an action against Kellepourey in Oakland Circuit Court, seeking dissolution of the corporation and recovery from Kellepourey of the amount due on a loan made by Burkhart to Kellepourey. In his answer and amended answer, Kellepourey alleged that the corporation's problems were due to the interference of Burkhart and his wife and prayed for injunctive relief restraining Burkhart and persons acting under Burkhart's control from interfering with Kellepourey's operation of the corporation. Burkhart moved for summary judgment in the Oakland County action, alleging that Kellepourey had failed to state a valid defense and that there existed no issue of material fact. In November, 1978, the Oakland Circuit Court granted Burkhart's motion for summary judgment with respect to the dissolution of the corporation claim. Kellepourey appealed, and the Court of Appeals affirmed in February, 1980.

In April, 1979, during the pendency of the Oakland County action, Kellepourey commenced an action against Kenneth C. Burkhart and his wife, Eleanor Burkhart, in Macomb Circuit Court, seeking damages for alleged tortious acts committed by the defendants which were purportedly done to induce plaintiff to withdraw from the corporation. Following a trial before Frank E. Jeannette, J., the jury returned a verdict of $200,000 in favor of plaintiff. Defendants moved for a new trial, judgment notwithstanding the verdict or remittitur. Judge Jeannette in an opinion and order of December 28, 1984, conditionally denied the motion for new trial if plaintiff would agree within ten days to a remittitur reducing the judgment to

REFERENCES

Am Jur 2d, Actions §§ 1 et seq.

Am Jur 2d, Appeal and Error §§ 302 et seq.

Tolling of time for filing notice of appeal in civil action in federal court under Rule 4(a)(4) of Federal Rules of Appellate Procedure. 74 ALR Fed 516.

$90,000, but further provided that the motion for a new trial was granted if plaintiff failed to accept judgment in the reduced amount. Plaintiff failed to consent to the remittitur within ten days, and, accordingly, a new trial was scheduled. On August 12, 1986, prior to a jury being selected and sworn, defendants renewed a motion seeking to bar any evidence concerning the formation, operation or dissolution of the corporation because the use of any such evidence would allow plaintiff to relitigate the issue already decided in the Oakland County action. The trial court, Kathleen Jansen, J., rather than merely barring any evidence concerning the formation, operation or dissolution of the corporation, concluded that summary judgment in favor of defendants was the appropriate relief because the claims raised in the Macomb County action were the same ones raised as a defense in the Oakland County action and, thus, constituted an impermissible splitting of a cause of action. From Judge Jansen's order of dismissal with prejudice, plaintiff appealed.

The Court of Appeals *held:*

1. The question of the propriety of the granting of the order for a new trial may not be raised in this appeal, since plaintiff failed to file an appeal raising that issue within eighteen months of the date that the conditional order of remittitur in the alternative to a new trial became a final order granting a new trial. The court rules clearly preclude granting leave to appeal in a civil action if the application for leave is filed more than eighteen months after entry of an order or judgment on the merits.

2. Since the claims raised in the Macomb County action seeking affirmative relief were the same claims that had been raised as defenses in the Oakland County action, plaintiff impermissibly split his cause of action and is thereby barred from maintaining the separate Macomb County action. Accordingly, the trial court properly dismissed the Macomb County action.

Affirmed.

1. APPEAL — PRESERVING QUESTION — NEW TRIAL.

Failure to seek an appeal of an order granting a new trial within eighteen months of the entry of such order precludes appellate review of the merits of such order (MCL 7.205[F]).

2. ACTIONS — DEFENSES.

Generally, where a litigant's right to affirmative relief is independent of a cause of action asserted against him and it is relied upon only as a defense to that action, he is barred from seeking

affirmative relief thereon in a subsequent proceeding, but if he does not rely upon his claim as a defense to the first action, or as a counterclaim thereto, he is not barred from subsequently maintaining his action for affirmative relief in an independent suit.

*Larry S. Davidow,* for plaintiff.

*Snyder & Handler, P.C.* (by *Wallace M. Handler*), for defendants.

Before: WAHLS, P.J., and J. H. GILLIS and C. W. SIMON, JR.,* JJ.

WAHLS, P.J. The Macomb Circuit Court dismissed Daniel Kellepourey's complaint with prejudice after granting summary disposition in favor of Kenneth C. and Eleanor Burkhart pursuant to MCR 2.116(C)(7), and we affirm.

Daniel Kellepourey and Kenneth C. Burkhart were each fifty-percent shareholders of Pagoda, Inc., a Michigan corporation located in Oakland County, whose primary business was the operation of a restaurant. Kellepourey and Kenneth Burkhart comprised the corporation's board of directors, Kellepourey serving as the president and treasurer and Kenneth Burkhart as the vice-president and secretary. On August 28, 1978, Kenneth Burkhart filed a two-count complaint in the Oakland Circuit Court against Kellepourey and Pagoda, Inc., seeking the dissolution of the corporation and the recovery from Kellepourey of an amount due ($9,000 plus interest) on a loan made by Kenneth Burkhart to Kellepourey. In that action, Kellepourey filed both an answer, which in essence alleged that the corporation's problems were due to the interference of Kenneth and Eleanor Burkhart, and an "amendment to answer . . .

* Circuit judge, sitting on the Court of Appeals by assignment.

in the nature of counter complaint," which requested injunctive relief restraining Kenneth Burkhart and persons acting under his control from interfering with Kellepourey in the management and operation of Pagoda, Inc.

In October, 1978, Kenneth Burkhart moved for summary judgment in the Oakland County action, alleging that Kellepourey had failed to state a valid defense and that there existed no genuine issue as to any material fact. GCR 1963, 117.2(2) and (3), now MCR 2.116(C)(9) and (10). The following month, the Oakland Circuit Court entered an order granting Kenneth Burkhart's motion for summary judgment as to the count regarding the dissolution of the corporation. This Court later affirmed the Oakland Circuit Court's grant of summary judgment in favor of Kenneth Burkhart. In April, 1979, while the Oakland County action was still pending with respect to the loan claim, Kellepourey filed the instant action in Macomb Circuit Court, seeking damages for alleged tortious acts committed by Kenneth and Eleanor Burkhart which purportedly constituted a course of conduct designed to harass, annoy and discourage plaintiff and to bring about plaintiff's withdrawal from Pagoda, Inc. Following a trial, the jury returned a verdict in favor of plaintiff in the amount of $200,000.

In the wake of this sizeable jury award, defendants moved for a new trial or remittitur. GCR 1963, 527.1, 527.6, now MCR 2.611(A), (E). The Macomb Circuit Court, on December 28, 1984, denied the motion for new trial, conditioned, however, on plaintiff's consent in writing within ten days to the entry of a judgment in the amount of $90,000; otherwise, the motion was to be granted. Plaintiff failed to consent to the remittitur within ten days, no appeal from the order was taken, and,

accordingly, a new trial was scheduled. On August 23, 1986, before the jury was sworn, defendants, citing *Ternes Steel Co v Ladney,* 364 Mich 614; 111 NW2d 859 (1961), renewed an earlier motion in limine seeking to bar evidence relating to the formation, operation and dissolution of Pagoda, Inc., arguing that such evidence was irrelevant to plaintiff's Macomb County action. After hearing arguments and reviewing the authorities cited in a memorandum filed by defendants in response to an invitation to the parties to file briefs on the issue, the trial court stated in an order dated August 19, 1986, that the applicable case law "clearly stand[s] for the proposition that when a litigant has a right of action independent of a claim asserted against him and he exercises the option to rely upon it as a defense, he is barred from seeking affirmative relief on that claim in a subsequent proceeding." The court emphasized that "plaintiff asserted the tort claims which are the basis for the present suit as a defense to the Oakland County dissolution suit." Thus, it was concluded that the appropriate relief was not merely the preclusion of evidence relating to the formation, operation and dissolution of Pagoda, Inc., as requested by defendants, but rather the rendering of summary judgment in favor of defendants and the consequent dismissal with prejudice of plaintiff's complaint pursuant to MCR 2.116(C)(7). On September 11, 1986, plaintiff filed a claim of appeal from the circuit court's August 19, 1986, order.

On appeal, plaintiff raises two issues. First, he argues that the trial court erred in its December 28, 1984, conditional order regarding defendants' motion for new trial. In its order, the court stated:

> The verdict of the jury in the present case shocks the conscience of the court since it is

excessive in light of the range of evidence and the limits of what reasonable minds would deem to be just compensation. The amount of the verdict was influenced by plaintiff's injection of the relative wealth of the parties, the repeatedly [sic] reference to certain Oakland County litigation which inferred that plaintiff was cheated out of his rightful share of certain proceeds and the reference to a worker's compensation transcript. Further, plaintiff lacked objective evidence on his personal injuries since there was no hospitalization but rather his own testimony regarding his pain and suffering.

Plaintiff asserts that the trial court's observations contain certain falsities in that it was actually defendants' attorney who injected statements regarding defendants' wealth and that he in fact submitted police and hospital reports as evidence of his pain and suffering.

In response, defendants argue, and we agree, that this issue is not properly before this Court because plaintiff failed to appeal in a timely manner the December 28, 1984, order. A conditional order providing for a new trial on failure of the plaintiff to remit a part of the verdict is appealable. *Decker v Fair,* 222 Mich 507, 508; 193 NW 288 (1923); *McLean v American Railway Express Co,* 243 Mich 113, 115; 219 NW 664 (1928); see also 7A Callaghan's Michigan Pleading & Practice (2d ed), § 53.73, pp 44-45. In this case, however, plaintiff failed to file an appeal as of right within the applicable twenty-day period from entry of the order. GCR 1963, 803.1, now MCR 7.204(A)(1), providing for a twenty-one-day period. In addition, an order granting a new trial is reviewable by leave granted. MCR 7.203(B)(1); *Williams Panel Brick Mfg Co v Hudsin,* 32 Mich App 175, 176; 188 NW2d 235 (1971). After the expiration of the ten-day period prescribed in the December 28, 1984,

order, the conditional order became, in effect, an order granting a new trial. If an application for leave to appeal in a civil action is filed more than eighteen months after entry of an order or judgment on the merits, leave to appeal may not be granted. MCR 7.205(F). In this case, plaintiff failed to appeal the December 28, 1984, order within the relevant eighteen-month period, and thus is now unable to obtain leave to appeal on this issue.

Second, plaintiff argues that the circuit court erred in granting summary disposition to defendants pursuant to MCR 2.116(C)(7). We disagree, because the essential allegations asserted affirmatively in plaintiff's complaint in the instant action were raised as defenses in the prior Oakland County action, and thus they may not now be used to support a separate claim for affirmative relief.

It is well established that a cause of action cannot be split by asserting it as a defense in one case and as a basis for affirmative relief in another case. *Leslie v Mollica,* 236 Mich 610, 616-618; 211 NW 267 (1926); *Ternes Steel Co v Ladney, supra; Schuhardt v Jensen,* 11 Mich App 19, 21; 160 NW2d 590 (1968); *Rinaldi v Rinaldi,* 122 Mich App 391, 399-400; 333 NW2d 61 (1983). The general rule has been enunciated by the Supreme Court as follows:

> We conclude that when a litigant's right to affirmative relief is independent of a cause of action asserted against him and it is relied upon only as a defense to that action, he is barred from seeking affirmative relief thereon in a subsequent proceeding. But if he does not rely upon his claim as a defense to the first action, or as a counterclaim thereto, he is not barred from subsequently maintaining his action for affirmative relief in an independent suit. *Mimnaugh v Partlin,* 67 Mich 391 [34 NW 717 (1887)], and *Jennison Hardward Co v Godkin,* 112 Mich 57 [70 NW 428 (1897)].

> In other words, plaintiff can plead defendant's breach of warranty as a defense in the first suit, he can plead it as a defense and as a counterclaim in the first suit, or he can sue thereon subsequently for affirmative relief, but he cannot combine the alternatives. Once he raises the issue, it must be fully and finally determined. [*Ternes, supra,* p 619.]

The trial court's August 19, 1986, opinion and order was directly based on this well-established rule. In its opinion, the court stated:

> When the dissolution action was filed against plaintiff in Oakland County Circuit Court, plaintiff had an independent tort claim. He had the option of asserting that claim in Oakland County Circuit Court or later in a separate suit. The answer, amended answer and appellate brief of plaintiff clearly show that plaintiff asserted the tort claims which are the basis for the present suit as a defense to the Oakland County dissolution suit. Having asserted the tort claims in Oakland County Circuit Court, plaintiff was required by the above case law to litigate the merits of the claims in Oakland County. The rendering of summary judgment against plaintiff in Oakland County can only be deemed to be an adverse decision to plaintiff on the merits of those claims. Therefore, the Court is convinced plaintiff cannot again assert the claims in Macomb County Circuit Court as independent grounds for affirmative relief.

The circuit court's explication of the applicable law on this issue evinces a correct understanding of the relevant legal principles as set forth by the Supreme Court. Moreover, our review of plaintiff's defenses in the Oakland County action and of his assertions in the instant suit convinces us that the circuit court's conclusion that "plaintiff asserted [as defenses] the tort claims which are the basis

for the present suit" is accurate.[1] Plaintiff's allega-

---

[1] For example, the following comparisons of the allegations made by plaintiff as defenses in the Oakland County action and as assertions seeking affirmative relief in this suit support the trial court's conclusion:

MACOMB COUNTY COMPLAINT—Count I

5. That after the organization of this corporation and the taking over of the business by Plaintiff and Defendant Kenneth C. Burkhart to operate the same, Defendant Kenneth C. Burkhart and his wife, Defendant Eleanor Burkhart, began a course of conduct to harass, annoy and discourage the plaintiff, and as Plaintiff believes and charges the facts to be true, thereby to bring about his withdrawal from the aforesaid business.

OAKLAND COUNTY ANSWER

That as a result of the foregoing, as well as other acts of plaintiff and his wife, defendant has reluctantly come to the conclusion that these acts were preconceived and calculated by plaintiff and his wife, acting in concert, to create a situation to freeze the defendant out of the business, and deprive him of his investment and the profits to be derived therefrom . . . .

MACOMB COUNTY COMPLAINT—Count I

7. . . . Defendant Eleanor Burkhart, [did] come upon the premises of said business during business hours, who without the knowledge and consent of Plaintiff did proceed to assume certain duties of plaintiff in the management and operation of said business to such an extent that she interfered with said duties of plaintiff, and did attempt to hinder him in the operation and management of said business by annoying and harassing Plaintiff . . . making it virtually impossible for said Plaintiff to properly manage said business.

OAKLAND COUNTY ANSWER

That the wife of plaintiff, who is neither a member of the Board of Directors nor a stockholder, has, ever since the corporation started business, commenced to interfere with the defendant in the management and operation of the corporate affairs . . . .

MACOMB COUNTY COMPLAINT—Count I

8. That said plaintiff did remonstrate and complain to defendant Kenneth C. Burkhart about the conduct of his wife, Defendant Eleanor Burkhart, and did call attention to the fact

tions in the present suit are essentially indistinguishable from those he made as part of his defense in the Oakland County action and, thus, are based on the same facts and evidence as those defenses. Under the doctrine of res judicata as interpreted in *Ternes, supra,* the summary judgment granted in favor of defendant Kenneth Burkhart by the Oakland Circuit Court works as a bar to the maintenance of plaintiff's action filed in the Macomb Circuit Court. See *Detroit v Nortown Theatre, Inc,* 116 Mich App 386, 393; 323 NW2d 411 (1982), lv den 418 Mich 875 (1983). A summary judgment is a judgment on the merits which bars relitigation on the basis of res judicata. *Capitol Mortgage Corp v Coopers & Lybrand,* 142 Mich App 531, 536; 369 NW2d 922 (1985), lv den 424 Mich 899 (1986).

Accordingly, the summary disposition granted in favor of defendants is affirmed.

that said Defendant Eleanor Burkhart was not a party to the contract and had no authority to interfere with the operation of the business by plaintiff notwithstanding which, that said Defendants did continue their several acts of harassment and annoyance of said Plaintiff.

OAKLAND COUNTY ANSWER

That the defendant has repeatedly requested the plaintiff to have his wife cease interfering with defendant in the operation of said business, which plaintiff has repeatedly agreed to do, but has failed; that as a result, the wife of the plaintiff continued and continues to interfere with defendant in every phase of said business.