*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

MICHIGAN SPINE & BRAIN SURGEONS, PLLC,

UNPUBLISHED
February 18, 2021

Plaintiff-Appellant,

v

No. 349367
Oakland Circuit Court
LC No. 2018-167331-NF

HOME-OWNERS INSURANCE COMPANY,

Defendant-Appellee.

Before: STEPHENS, P.J., and SERVITTO and LETICA, JJ.

PER CURIAM.

Plaintiff appeals as of right the trial court's order granting summary disposition under MCR 2.116(C)(10) in favor of defendant on the basis of fraud by defendant's insured, Amelia Hosey. We reverse and remand to the trial court for further proceedings consistent with this opinion.

## I. BACKGROUND

On September 11, 2017, Hosey was rear-ended by a bus while coming to a stop at a traffic light. Immediately after the accident, Hosey complained of headaches, neck, and shoulder pain. At the time of the accident, Hosey was covered under an automobile insurance policy issued by defendant. Under the insurance policy, Hosey and defendant agreed that defendant "will not cover any person seeking coverage under this policy who has made fraudulent statements or engaged in fraudulent conduct with respect to procurement of this policy or to any occurrence for which coverage is sought."

Hosey applied for PIP benefits from defendant, describing her injuries from the accident as: "Headaches, lightheaded, neck & mid back & lower back pain, shoulder pain, pain radiating into arms." Hosey also claimed she did not experience the same or similar symptoms before the accident and that she had never made a prior insurance claim. Hosey also sought reimbursement for replacement services she claimed she had incurred.

On March 7, 2018, Hosey underwent surgery with plaintiff as a result of "[c]ervical spondylolisthesis," "[d]egenerative disc disease," and "[c]ervical radiculopathy." In connection

-1-

with plaintiff's treatment, Hosey executed several medical lien and assignment agreements. At some point shortly after the accident, defendant stopped paying PIP benefits to Hosey.

On December 28, 2017, Hosey filed a complaint against defendant alleging defendant failed to pay PIP benefits under the automobile insurance policy between them. Hosey and defendant settled that lawsuit on May 20, 2019. Plaintiff also sued defendant in connection with the treatment rendered to Hosey as a result of the September 11, 2017 accident, alleging defendant failed to pay invoices submitted to defendant totaling $44,335.

In plaintiff's lawsuit, defendant filed a motion for summary disposition under MCR 2.116(C)(10), asserting Hosey misrepresented her need for replacement services, her preexisting medical conditions, and her previous automobile insurance claims. The trial court agreed with defendant that Hosey made fraudulent statements in connection with her insurance claim and granted defendant's motion for summary disposition.

On appeal, plaintiff argues the trial court erred when it concluded there was no genuine issue of material fact that Hosey made fraudulent statements on her application for personal injury protection (PIP) benefits. Plaintiff also asserts the trial court erred when it rejected its argument that rescission of the insurance agreement was improper because plaintiff was an innocent third party. Lastly, plaintiff asserts defendant was barred from raising a defense of fraud because of the doctrines of res judicata and collateral estoppel.

## II. STANDARD OF REVIEW

"Appellate review of the grant or denial of a summary-disposition motion is de novo . . . ." *West v Gen Motors Corp*, 469 Mich 177, 183; 665 NW2d 468 (2003). This Court "review[s] a motion brought under MCR 2.116(C)(10) by considering the pleadings, admissions, and other evidence submitted by the parties in the light most favorable to the nonmoving party." *Latham v Barton Malow Co*, 480 Mich 105, 111; 746 NW2d 868 (2008). "Summary disposition is appropriate . . . if there is no genuine issue regarding any material fact and the moving party is entitled to judgment as a matter of law." *West*, 469 Mich at 183. "A genuine issue of material fact exists when the record, giving the benefit of reasonable doubt to the opposing party, leaves open an issue upon which reasonable minds might differ." *Id*. "If, after careful review of the evidence, it appears to the trial court that there is no genuine issue of material fact and the opposing party is entitled to judgment as a matter of law, then summary disposition is properly granted under MCR 2.116(I)(2)." *Lockwood v Ellington*, 323 Mich App 392, 401; 917 NW2d 413 (2018).

The interpretation of a contract, such as an insurance policy, is reviewed de novo. *Reed v Reed*, 265 Mich App 131, 141; 693 NW2d 825 (2005); see also *Meemic Ins Co v Fortson*, 324 Mich App 467, 481; 922 NW2d 154 (2018) (insurance policies are reviewed under standard principles of contractual interpretation). "When interpreting a contract, such as an insurance policy, the primary goal is to honor the intent of the parties." *Fortson*, 324 Mich App at 481 (quotation marks and citation omitted). "[T]he application of legal doctrines, such as res judicata and collateral estoppel" comprise questions of law that are also typically reviewed de novo. *Estes v Titus*, 481 Mich 573, 579; 751 NW2d 493 (2008).

To the extent this Court must interpret and apply the provisions of the no-fault act, questions of statutory interpretation are reviewed de novo. *Tree City Props LLC v Perkey*, 327 Mich App 244, 247; 933 NW2d 704 (2019). "The overall goal of statutory interpretation is to give effect to the intent of the Legislature." *Hmeidan v State Farm Mut Auto Ins Co*, 326 Mich App 467, 478; 928 NW2d 258 (2018). "If the statutory language is clear and unambiguous, judicial construction is neither required nor permitted, and courts must apply the statute as written." *Tevis v Amex Assurance Co*, 283 Mich App 76, 81; 770 NW2d 16 (2009).

III. DISCUSSION

A. FRAUD

Plaintiff first argues the trial court erred by concluding as a matter of law that Hosey made false statements in connection with her insurance claim, thus triggering the fraud provision in the insurance policy. We disagree.

The elements of fraud in connection with an insurance policy are:

To establish actionable fraud, [defendant] bears the burden of proving that (1) [the insured] made a material misrepresentation; (2) it was false; (3) when [the insured] made it, [the insured] knew it was false, or else made it recklessly, without any knowledge of its truth, and as a positive assertion; (4) [the insured] made it with the intention that it should be acted on by [defendant]; (5) [defendant] acted in reliance on it; and (6) [defendant] thereby suffered injury. [*Titan Ins Co v Hyten*, 491 Mich 547, 571-572; 817 NW2d 562 (2012).]

The trial court concluded that Hosey fraudulently represented her prior medical history in her application for PIP benefits. We agree. In her application, Hosey described her symptoms from the accident as: "Headaches, lightheaded, neck & mid back & lower back pain, shoulder pain, pain radiating into arms." Hosey's historical medical records demonstrate Hosey having previously experienced the same or similar symptoms. For example, in 2001, Hosey was diagnosed with "[a]rthritis at the level of L5-S1" of her spine. In 2005, Hosey told doctors at the Michigan Pain Management Consultants: "[H]er pain is constant in the left neck and shoulder. It is worse with bending, lifting, exercise, coughing and with lying down. She does not report any alleviating symptoms. She reports tingling in her bilateral hands. She also reports some swelling in her bilateral hands. She experiences headache."

Plaintiff does not dispute the accuracy of Hosey's medical records but instead insists that the symptoms from prior injuries and degenerative changes are not the same or similar. We disagree. In both the September 11, 2017 accident and in prior injuries, Hosey complained of headaches, and pain in her back, neck, and shoulder. Hosey also described pain radiating into her arms and hands. Thus, the trial court did not err in its finding that Hosey's symptoms were the same or similar to previous injuries.

The trial court also determined Hosey made a fraudulent statement on her application for PIP benefits when she claimed she never had any prior insurance claims. Hosey checked the box next to "No" in response to the question on the application whether she "ever filed an insurance claim for injuries [she] sustained prior to this accident." The trial court found, however, that "the

records of several insurance companies support that Hosey previously filed an insurance claim for injuries sustained prior to this accident."

This finding was supported by the evidence presented by defendant and was not rebutted by plaintiff in the trial court or in this Court. Hosey filed multiple insurance claims before the September 17, 2017 accident. For example, in 1997, Hosey filed an insurance claim for an automobile accident causing burns and bruising to her arm and leg. In 2000, Hosey filed an insurance claim for an automobile accident in which Hosey claimed injury to her back. More recently, in 2011, Hosey filed an insurance claim for an automobile accident causing injury to her lower back. On the basis of these and other insurance claims filed by Hosey, it was not error for the trial court to conclude that her statement on the application for PIP benefits—that she had no previous insurance claims—was false.

The trial court did not explicitly rely on defendant's assertion that Hosey fraudulently represented her request for replacement services. Defendant, however, maintains that Hosey's application for PIP benefits contains material misstatements regarding her need for such services. Defendant relies on a surveillance video purporting to show Hosey running errands on a day that Ida Norris claimed to have run errands for her.

Contrary to defendant's arguments, the surveillance video does not establish as a matter of law that Hosey committed fraud. Aside from issues of intent, fraud requires defendant to show there is no genuine issue of material fact that Hosey made a material misstatement. See *Titan*, 491 Mich at 572. The household services statement merely states errands were run for Hosey, but does not specify which errands were completed. Thus, it is unclear whether the household services statement contained any misstatements at all, and it is entirely possible both Hosey and Norris ran errands on October 10, 2017.

While there is little doubt plaintiff's statements regarding her prior medical history and prior insurance claims were false, plaintiff also argues defendant did not provide evidence sufficient as a matter of law to conclude Hosey intended to make false statements on her application.

"[S]ummary disposition is rarely appropriate in cases involving questions of credibility, intent, or state of mind." *In re Handelsman*, 266 Mich App 433, 438; 702 NW2d 641 (2005) "Generally, whether an insured has committed fraud is a question of fact for a jury to determine." *Fortson*, 324 Mich App at 473. "However, under some circumstances, a trial court may decide as a matter of law that an individual committed fraud." *Id*.

For example, in *Fortson*, the defendants submitted claims for attendant-care services for their son who was incarcerated at the time. *Id*. at 474. In addition, the defendants submitted claims for services that were not compensable as attendant-care services. *Id*. The defendants claimed the attendant-care services were provided 24 hours per day. *Id*. On the basis of these facts, this Court affirmed the decision of the trial court that the defendants committed fraud as a matter of law. *Id*.

Similarly, in *Bahri v IDS Prop Cas Ins Co*, 308 Mich App 420, 422; 864 NW2d 609 (2014), the plaintiff submitted invoices for replacement services on days in which she was seen "bending, lifting, driving, and running errands." The plaintiff also submitted invoices for replacement

services that purportedly occurred three weeks before the automobile accident. *Bahri*, 308 Mich App at 425. This Court held: "This evidence belies plaintiff's assertion that she required replacement services, and it directly and specifically contradicts representations made in the replacement services statements. Reasonable minds could not differ in light of this clear evidence that plaintiff made fraudulent representations for purposes of recovering PIP benefits." *Id*. at 426.

Under *Bahri* and *Fortson*, it was not error for the trial court to conclude as a matter of law that Hosey intended to make fraudulent statements in her application for PIP benefits. Hosey did not forget to include one insurance claim or one prior injury; rather, Hosey completely mischaracterized her history of filing insurance claims and treatment for head, neck, back, shoulder, and arm pain. Hosey's multiple instances of false statements is unlike *Shelton v Auto-Owners Ins Co*, 318 Mich App 648, 660; 899 NW2d 744 (2017), a case on which plaintiff relies, where this Court concluded "isolated examples of an injured person participating in simple physical actions such as bending, modest lifting, or other basic physical movements that the person asserts are painful or difficult" are insufficient to establish fraud as a matter of law.

## B. INNOCENT-THIRD-PARTY RULE

Next, plaintiff argues the trial court erred by rejecting its argument that rescission of the insurance policy was inappropriate as against plaintiff under the innocent-third-party rule. The trial court concluded that the innocent-third-party rule did not apply to plaintiff, as assignee of an insured. We agree with the trial court.

"The 'innocent third party' rule prohibit[ed] an insurer from rescinding an insurance policy because of a material misrepresentation made in an application for no-fault insurance where there is a claim involving an innocent third party." *Sisk-Rathburn v Farm Bureau Gen Ins Co of Mich*, 279 Mich App 425, 430; 760 NW2d 878 (2008). The rule has since been abrogated by *Titan Ins Co v Hyten*, 491 Mich 547, in the context of the no-fault act. See *Bazzi v Sentinel Ins Co*, 502 Mich 390, 407; 919 NW2d 20 (2018). Plaintiff, as a medical provider, was not an innocent third party, but rather an assignee of Hosey. "[H]ealthcare providers do not possess a statutory cause of action against no-fault insurers for recovery of personal protection insurance benefits under the no-fault act." *Covenant Med Ctr, Inc v State Farm Mut Auto Ins Co*, 500 Mich 191, 196; 895 NW2d 490 (2017). Insureds, however, maintain the "ability to assign his or her right to past or presently due benefits to a healthcare provider." *Id*. at 217 n 40. In such situations, the provider "stands in the position of the [insured], possessing the same rights and being subject to the same defenses." *Burkhardt v Bailey*, 260 Mich App 636, 653; 680 NW2d 453 (2004); see also *Prof Rehab Assocs v State Farm Mut Auto Ins Co*, 228 Mich App 167, 177; 577 NW2d 909 (1998) ("[A]n assignee stands in the shoes of the assignor and acquires the same rights as the assignor possessed.").

Plaintiff, as an assignee, was subject to the same claims and possessed the same rights as Hosey. Thus, Hosey was subject to the fraud provision in the insurance policy, and plaintiff was as well. Because the trial court did not err by concluding as a matter of law that Hosey made fraudulent representations regarding her application for PIP benefits, and because plaintiff was subject to the same contractual provision as an assignee, the trial court did not err by rejecting plaintiff's argument it was an innocent third party.

## C. PRECLUSION

Plaintiff claims defendant is barred under res judicata and collateral estoppel from raising the issue of fraud because defendant failed to raise the issue against Hosey.

Plaintiff failed to raise these issues in the trial court and thus, they are not preserved for review. *Total Armored Car Serv, Inc v Dep't of Treasury*, 325 Mich App 403, 412; 926 NW2d 276 (2018). "This Court may review an unpreserved issue if it is an issue of law for which all the relevant facts are available." *Vushaj v Farm Bureau Gen Ins Co of Michigan*, 284 Mich App 513, 519; 773 NW2d 758 (2009). Because all the facts necessary to resolve plaintiff's arguments are available, we will review them.

We review unpreserved issues for plain error affecting substantial rights. *Henderson v Dep't of Treasury*, 307 Mich App 1, 9; 858 NW2d 733 (2014). "To establish an entitlement to relief based on plain error, the injured party must show (1) that an error occurred, (2) that the error was plain, and (3) that the plain error affected [its] substantial rights." *Total Armored Car Serv, Inc*, 325 Mich App at 412 (quotation marks and citation omitted). "[A]n error affects substantial rights if it caused prejudice, i.e., it affected the outcome of the proceedings." *In re Utrera*, 281 Mich App 1, 9; 761 NW2d 253 (2008).

## 1. COLLATERAL ESTOPPEL

"Generally, for collateral estoppel to apply three elements must be satisfied: (1) a question of fact essential to the judgment must have been actually litigated and determined by a valid and final judgment; (2) the same parties must have had a full and fair opportunity to litigate the issue; and (3) there must be mutuality of estoppel." *William Beaumont Hosp v Wass*, 315 Mich App 392, 398; 889 NW2d 745 (2016) (quotation marks and citation omitted). "This doctrine is strictly applied in that [t]he issues [in both cases] must be identical, and not merely similar." *Keywell & Rosenfeld v Bithell*, 254 Mich App 300, 340; 657 NW2d 759 (2002) (quotation marks and citation omitted) (alteration in original). "The previous litigation must have presented a 'full and fair' opportunity to litigate the issue presented in the subsequent case." Lastly, "[m]utuality of estoppel requires that in order for a party to estop an adversary from relitigating an issue that party must have been a party, or in privy to a party, in the previous action. In other words, [t]he estoppel is mutual if the one taking advantage of the earlier adjudication would have been bound by it, had it gone against him." *Monat v State Farm Ins Co*, 469 Mich 679, 682-684; 677 NW2d 843 (2004) (alteration in original).

In this case, plaintiff's argument that collateral estoppel bars defendant from raising the issue of fraud fails under the first element, because the issue of whether Hosey made false statements was not actually litigated in the lawsuit between Hosey and defendant. See *Wass*, 315 Mich App at 398. Because this essential element of collateral estoppel is not present, the trial court did not err, let alone plainly err, by failing to deny defendant's motion for summary disposition on the basis of collateral estoppel.

## 2. RES JUDICATA

"The doctrine of res judicata is intended to relieve parties of the cost and vexation of multiple lawsuits, conserve judicial resources, and encourage reliance on adjudication, that is, to

foster the finality of litigation." *Garrett v Washington*, 314 Mich App 436, 441; 886 NW2d 762 (2016) (quotation marks and citations omitted). "For res judicata to preclude a claim, three elements must be satisfied: (1) the prior action was decided on the merits, (2) both actions involve the same parties or their privies, and (3) the matter in the second case was, or could have been, resolved in the first." *Id*. (quotation marks and citations omitted).

With respect to the first element, a settlement agreement is treated as a decision on the merits for purposes of res judicata. *Ditmore v Michalik*, 244 Mich App 569, 576; 625 NW2d 462 (2001). Defendant and Hosey resolved Hosey's claims against defendant in a settlement agreement. Thus, the settlement between Hosey and defendant was a decision on the merits, satisfying the first element of res judicata. See *Ditmore*, 244 Mich App at 576.

With respect to the second element, an assignee is generally not treated as being in privity with the assignor for purposes of res judicata. *Aultman, Miller & Co v Sloan*, 115 Mich 151, 154; 73 NW 123 (1897). However, in *TBCI, PC v State Farm Mut Auto Ins Co*, 289 Mich App 39, 44; 795 NW2d 229 (2010), this Court recently concluded in the context of a provider-assignee that such provider is in privity with the insured-assignor for claims under the no-fault act. *TBCI, PC v State Farm Mut Auto Ins Co*, 289 Mich App 39, 44; 795 NW2d 229 (2010). Thus, under *TBCI*, plaintiff was a privy of Hosey for purposes of res judicata.

Under the third element of res judicata, defendant argues it was not able to raise the issue of fraud in its litigation with Hosey because the dispositive motion cutoff date passed before it knew of Hosey's fraud. The evidence presented by defendant, however, belies this assertion. First, the ISO Claims document—relied on by defendant to show Hosey filed previous insurance claims—was dated September 26, 2017, before Hosey even filed her complaint against defendant. In addition, the surveillance video of Hosey procured by defendant was taken October 10, 2017, also before Hosey filed her complaint against defendant. Defendant cannot now contend that it did not know the facts of Hosey's false statements before the dispositive motion cutoff date when it was apparently investigating those false claims, including procuring surveillance video, before Hosey even filed her complaint.

Defendant further asserts that under *Ternes Steel Co v Ladney*, 364 Mich 614; 111 NW2d 859 (1961), our Supreme Court concluded that res judicata does not bar raising a defense in the second proceeding when it was not raised in the first. However, defendant misinterprets *Ladney*. In that case, our Supreme Court held:

> [W]hen a litigant's right to affirmative relief is independent of a cause of action asserted against him and it is relied upon only as a defense to that action, he is barred from seeking affirmative relief thereon in a subsequent proceeding. But if he does not rely upon his claim as a defense to the first action, or as a counterclaim thereto, *he is not barred from subsequently maintaining his action for affirmative relief in an independent suit*. [*Ladney*, 364 Mich at 619 (emphasis added).]

Defendant has not brought a suit for affirmative relief; rather defendant seeks to assert a defense against plaintiff that it could have asserted against Hosey. Thus, *Ladney* does not apply to the facts of this case.

As defendant is quick to point out, plaintiff is an assignee of Hosey. What defendant fails to appreciate, however, is that as an assignee of Hosey, plaintiff "stands in the position of [Hosey], possessing the same rights and being subject to the same defenses." See *Burkhardt*, 260 Mich App at 653. As a result of the settlement between defendant and Hosey, defendant is precluded from raising the issue of fraud against Hosey. See *Ditmore*, 244 Mich App at 576. Thus, defendant is also barred from raising the issue of fraud against plaintiff, Hosey's assignee, who possesses the same rights as Hosey, who is protected by res judicata from defendant's fraud allegations.

Accordingly, the trial court plainly erred in granting summary disposition to defendant when res judicata barred the fraud claim against plaintiff.

## IV. CONCLUSION

Reversed and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Cynthia Diane Stephens
/s/ Deborah A. Servitto
/s/ Anica Letica