RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)

File Name: 17a0236p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

---

AuSABLE RIVER TRADING POST, LLC,

                                   *Plaintiff-Appellant*,

        *v.*

                                                                    No. 17-1283

DOVETAIL SOLUTIONS, INC.; TAWAS AREA CHAMBER
OF COMMERCE,

                                   *Defendants-Appellees*.

---

Appeal from the United States District Court
for the Eastern District of Michigan at Bay City.
No. 1:16-cv-11207—Thomas L. Ludington, District Judge.

Argued: October 5, 2017

Decided and Filed: October 23, 2017

Before: SUTTON, DONALD, and THAPAR, Circuit Judges.

---

**COUNSEL**

**ARGUED:** Ronald Tyler, TYLER & TYLER, P.C., East Tawas, Michigan, for Appellant. Robert G. Kamenec, PLUNKETT COONEY, Bloomfield Hills, Michigan, for Appellee Tawas Area Chamber of Commerce. **ON BRIEF:** Ronald Tyler, TYLER & TYLER, P.C., East Tawas, Michigan, for Appellant. Robert G. Kamenec, Michael J. Barton, PLUNKETT COONEY, Bloomfield Hills, Michigan, for Appellee Tawas Area Chamber of Commerce.

---

**OPINION**

---

BERNICE BOUIE DONALD, Circuit Judge. Plaintiff-Appellant AuSable River Trading Post, LLC (the "Trading Post") filed this action against Defendants-Appellees Dovetail

Solutions, Inc. ("Dovetail") and Tawas Area Chamber of Commerce (the "Chamber") for a declaratory judgment as to whether Defendants hold a valid, enforceable trademark for the term "Perchville," and for damages under Michigan state law claims. The district court granted summary judgment in favor of the Defendants, finding that Plaintiff's trademark challenge is barred by the doctrine of res judicata and remanding the state court claims. In reaching its conclusion, the district court determined that Plaintiff was in privity with an hourly employee who had previously consented to a permanent injunction barring his use of the "Perchville" mark. Plaintiff challenges the district court's finding that it is in privity with its employee for purposes of res judicata. We REVERSE.

I.

Yearly, the city of Tawas, Michigan hosts a winter festival known as "Perchville." The Chamber is a non-profit Michigan corporation dedicated to promoting local business, and Dovetail is a for-profit corporation that oversees and manages the Chamber. In March 2002, the Chamber applied for federal trademark registration for the term "Perchville," which was then registered in May 2003. The trademark was temporarily cancelled in December 2013 for failure to renew the application, but within three weeks the Chamber reapplied for re-registration, which it received just over one year later. The Trading Post is a wholesale provider of miscellaneous products, including mugs, banners, t-shirts, and sweatshirts. It is alleged that the Trading Post had an order to sell or was actively selling merchandise depicting the term "Perchville."

On January 29, 2016, the Chamber filed suit in Michigan state court against Salvatore Agnello, an employee of the Trading Post, seeking to obtain an injunction against his unauthorized use of the term "Perchville" on t-shirts. The Chamber did not include the Trading Post in their lawsuit, as it was initially unaware that Agnello was selling the shirts on behalf of the Trading Post. The state court granted the Chamber an ex parte injunctive order. The language of the order included, "this order shall be binding upon the parties to this action, their officers, agents, servants, employees, and attorneys and on those persons in active concert or participation with them who receive actual notice of this order by personal service [or] otherwise."

A hearing was set for February 2, 2016. Agnello appeared without an attorney. He indicated that he had spoken to a partial owner of the Trading Post about the lawsuit, but repeatedly stated that he was unsure why the injunction was issued against him, rather than the Trading Post. He noted that he had only received notice the Sunday before the hearing date. The judge indicated that a hearing was unnecessary and concluded that anyone that had notice and acted in concert would be bound by the injunction. The judge then asked Agnello if he had any objection to the permanent injunction being entered, to which Angello initially objected, stating that he did not know exactly what it meant. Specifically, Agnello indicated, "[a]gain, I'm sort of lost at this time. I would ask that the lawsuit itself be thrown out. Again, there was no harm, no foul. And the fact of the matter is, why are you – why are they coming after me? It's not my company." Agnello then consented to the permanent injunction. The judge informed Agnello that the order would be binding on anyone acting in concert with Agnello, stating "just so you understand, you and everybody in your chain is on the hook. So if there's – if there is a violation, you know, then we're talking about contempt of Court . . . ."

Since the entry of the injunction, Agnello and the Trading Post have complied with the injunction. The Trading Post filed this suit on March 4, 2016, challenging the Chamber's trademark of "Perchville," among other claims for damages under Michigan law.[1] The parties filed cross-motions for summary judgment. Defendants argued that Plaintiff's trademark challenge was barred by the doctrine of res judicata because a final determination on the merits occurred in the state court with parties in privity and that the claims before the district court could have been brought in the original state court action. The district court granted the Chamber's motion as to the challenge to the trademark's validity on the grounds of res judicata, finding that Plaintiff's claims were barred by the prior litigation between the Chamber and Agnello. Plaintiff appeals on this issue alone.

II.

The Court reviews de novo the district court's grant of summary judgment. *Niemi v. NHK Spring Co., Ltd.*, 543 F.3d 294, 298 (6th Cir. 2008). We must determine whether Michigan

---

[1]Defendants removed Plaintiff's complaint to the district court on April 4, 2016.

law precludes this appeal because "federal courts are required to give the judgments of state courts the same preclusive effect as they are entitled to under the laws of the state rendering the decision." *Exec. Arts Studio v. City of Grand Rapids*, 391 F.3d 783, 795 (6th Cir. 2004). Thus, the Court looks to Michigan law to determine whether Plaintiff's claims are barred by res judicata.

Under Michigan law, a "second, subsequent action" is barred by res judicata when "(1) the prior action was decided on the merits, (2) both actions involve the same parties or their privies, and (3) the matter in the second case was, or could have been, resolved in the first." *Adair v. State*, 680 N.W.2d 386, 396 (Mich. 2004) (citing *Sewell v. Clean Cut Mgmt., Inc.*, 621 N.W.2d 222, 225 (Mich. 2001)). Res judicata is applied broadly by Michigan courts, barring "not only claims already litigated, but also every claim arising from the same transaction that the parties, exercising reasonable diligence, could have raised but did not." *Id.* (citing *Dart v. Dart*, 597 N.W.2d 82 (Mich. 1999)).

The parties appear to concede that the first and third elements of res judicata are fulfilled, and this panel agrees. The Michigan state court's permanent injunction constitutes a merits decision, *Ludwig v. Twp. of Van Buren*, 682 F.3d 457, 460 (6th Cir. 2012), and the challenge to the validity of the "Perchville" trademark could have been raised by Agnello as a defense in the original action. Plaintiff challenges whether there is sufficient privity between the Trading Post and Agnello such that Plaintiff's claims are barred by res judicata. Privity is defined broadly under Michigan law:

> To be in privity is to be so identified in interest with another party that the first litigant represents the same legal right that the later litigant is trying to assert. The outer limit of the doctrine traditionally requires both [1] a 'substantial identity of interests' and [2] a 'working functional relationship' in which [3] the interests of the nonparty are presented and protected by the party in the litigation.

*Bates v. Twp. of Van Buren*, 459 F.3d 731, 734-35 (6th Cir. 2006) (quoting *Adair*, 680 N.W.2d at 396) (alteration in original). "[A] perfect identity of the parties is not required, only a 'substantial identity of interests' that are adequately presented and protected by the first litigant." *Adair*, 680 N.W.2d at 397.

In determining that privity exists, the district court relied in part on a finding that the facts here are parallel to those considered by this Court in *Bates*, 459 F.3d 731. The *Bates* Court affirmed a district court's determination that an exotic dancer's challenge to a municipal ordinance banning nude dancing at liquor establishments was barred by res judicata. The district court concluded that the dancer's interests were protected in a previous litigation by her employer challenging the same ordinance such that she was in privity and barred from asserting the same challenge. The dancer challenged on appeal the district court's finding that she was in privity with her employer. This Court found that the case satisfied the components discussed in *Adair* because the relevant parties sought the same relief ("facial invalidation of the ordinance"), the "substance of [the dancer's] complaint [was] on all fours with [the club's previous] defense," and the dancer's employment with the club satisfied the "working functional relationship" test. *Id.* at 736. This Court later affirmed a similar finding involving a similar challenge by a dancer to the same ordinance on the basis of privity in *Ludwig v. Twp. of Van Buren*, 682 F.3d 457, 461 (6th Cir. 2012). Significantly, in *Ludwig*, this Court noted that "[a]lthough ordinarily an employee is not bound by litigation brought by an employer . . . a special problem arises when an employer is subject to prospective relief. That is because an employer can only act through its employees, so prospective relief must bind employees to have any effect." *Id.* The *Ludwig* Court was thus focused on the "special problem" of an *employer* subject to prospective relief.

This case is distinguishable from *Bates* and *Ludwig*, beginning with the obvious factual differences. First, the employer-employee factual scenario is inversed here. This Court does not face an employee seeking not to be bound by an injunction against his employer, but rather, an employer seeking to litigate its rights despite an injunction having been entered against an employee. Practically speaking, an injunction against an employer *must* apply to its employees for it to have any effect. *See Ludwig*, 682 F.3d at 461. The inverse is not necessarily true.

Further, unlike the employer in *Bates* and *Ludwig*, Agnello did not challenge the underlying claim—here, the trademark—that was at issue in the first litigation. The record indicates that Agnello did not have an attorney, did not understand why the injunction was served on him (he describes himself as a "salesman"), and did not oppose the entry of a permanent injunction. The district court erroneously concluded, without legal support, that the

Trading Post's notice of the first litigation and continued compliance with the injunction implied that its interests were adequately represented by Agnello.

While there may be circumstances when an employee's interests are so aligned with his or her employer as to be in privity for the purposes of res judicata, there is no support for that here. For example, Plaintiff might be in privity with Agnello had he substantively defended the initial action and represented the Trading Post's interests. *Cf. ADF Intern., Inc. v. Steelcon, Inc.*, 409 F. Supp. 2d 836, 840 (E.D. Mich. 2005) (finding privity where a plaintiff's claims were substantively the same as the defense asserted by its surety in a previous action). Given the posture of the two cases here, the Trading Post's claims here would not constitute a "reward [to] litigants who failed, intentionally or not, to include all relevant parties in an action and . . . permit two (or possibly many more) attempts to try the same cause of action." *Fleming v. City of Detroit*, No. 04-74081, 2006 WL 2559862, at *6 (E.D. Mich. 2006) (internal citations omitted).

Ultimately, Agnello was an hourly employee given a few days' notice of an injunction. He was clearly confused in the first action, wherein he repeatedly said he did not understand why the action was brought against him, rather than his employer. While he may have a functional working relationship with the Trading Post, it is clear that he lacks an "identity of interests" with the Trading Post. The district court's inference that Agnello wanted to sell t-shirts, and that "[l]ost business for the Trading Post had the potential to impact his job security or financial compensation" is not sufficient to show a substantially similar interest to the Trading Post. The Trading Post's interest here, the ability to sell merchandise geared toward a popular town event, is much more significant than that of Agnello, who was merely an hourly employee and likely unconcerned with whether the Trading Post could sell a particular type of product. Further, it is equally clear that Agnello did not present or protect any interest of his or the Trading Post's, nor was he actually given an adequate chance to, given the short notice, lack of an attorney, and lack of a full hearing.

While the Trading Post may have had actual notice of the injunction, it did not appear at the scheduled hearing and the Chamber seems to have made no effort to include it. The facts here are distinguishable from previous questions of privity between employers and employees that this Court has addressed, and Defendants fail to meet their burden of showing that Agnello

and the Trading Post are in privity such that the doctrine of res judicata would bar Plaintiff's claims as a matter of law.  Consequently, summary judgment on the basis of the doctrine of res judicata was inappropriate.

III.

Accordingly, we **REVERSE** and **REMAND** for proceedings in accordance with this opinion.