NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 18a0627n.06

Nos. 18-1121/1128

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Dec 18, 2018
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| OWEN W. BARNABY, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
| | ) | THE WESTERN DISTRICT OF |
| BRET WITKOWSKI, County Treasurer, et al., | ) | MICHIGAN |
| | ) | |
| | ) | |
| Defendants-Appellees. | ) | |

BEFORE: DONALD, LARSEN, and NALBANDIAN, Circuit Judges.

PER CURIAM. Owen W. Barnaby, a pro se litigant from Michigan, appeals the district court's judgment dismissing his civil suit after granting summary judgment to the defendants— Berrien County, Michigan, and its Treasurer, Bret Witkowski. In a consolidated case, he also appeals the district court's order denying his motion for reconsideration of several discovery orders.[1] As set forth below, we **AFFIRM**.

In 2010, the defendants foreclosed on and then sold Barnaby's real property when he failed to pay property taxes. Two years after the sale at auction, Barnaby moved for a new foreclosure hearing. He claimed that the sale violated a partial-payment plan that he and the country treasurer

---

[1] Barnaby first filed a timely notice of appeal of the district court's order granting summary judgment to the Defendants. That led to the opening of case number 18-1121 in this court. Days later, he filed an "Amended and or Supplemental Notice of Appeal" to appeal not only that order, but also the district court's order resolving various discovery matters. That appeal is case number 18-1128. The cases were then consolidated for review.

had orally agreed upon to keep his property out of foreclosure. The state court denied Barnaby's motion after an evidentiary hearing, finding that he had not established that an agreement existed. In one of several post-judgment filings, Barnaby argued that the defendants sold his property in violation of state law because they did not first obtain a foreclosure judgment. At a hearing, the state court recognized defendants' error but still denied Barnaby's motion. The court held that, under Michigan law, a sale of property can be set aside only if the sales procedure was so egregious that it violated due process. Because Barnaby had notice of the auction, was present for it, and understood that his property had been sold, and because he then waited several years before suing to protect his rights, the state court held that the procedure did not violate due process. Barnaby appealed, to no avail.

Barnaby eventually filed this suit in federal court. His complaint asserted claims of fraudulent misrepresentation and omission against each defendant; claims for negligence, unconscionability, and theft against the treasurer only; a due-process claim against both defendants; and claims against each defendant for breach of contract and breach of the duty of good faith and fair dealing. The district court dismissed Barnaby's complaint under the *Rooker-Feldman* doctrine. *See Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923). Barnaby appealed. We vacated the district court's decision and remanded the case to the district court, concluding that *Rooker-Feldman* did not bar Barnaby's claims because he was not asserting "that the state-court judgment itself caused his injuries, but that the defendants' actions in procuring that state-court judgment did." *Barnaby v. Witkowski*, No. 16-1207, 2017 WL 3701727, at *2 (6th Cir. Feb. 17, 2017).

On remand, the district court granted the defendants' motion for summary judgment and denied Barnaby's. *Barnaby v. Witkowski*, No. 1:14-CV-1279, 2018 WL 387961 (W.D. Mich.

Jan. 12, 2018). The court determined that principles of res judicata and collateral estoppel barred the majority of Barnaby's claims; he had already litigated those same issues in state court and could not relitigate them in a federal forum. *Id.* at *3-6. The court also held that Barnaby's unconscionability claim failed because unconscionability is a defense to a breach-of-contract claim and not itself a cause of action under state law. *Id.* at *5.

Barnaby appeals the district court's grant of summary judgment. He also appeals the court's denial of several of his interlocutory motions, including numerous discovery motions and motions for reconsideration.

We review decisions on discovery matters and motions for reconsideration under an abuse-of-discretion standard. *See Pittman v. Experian Info. Sols., Inc.*, 901 F.3d 619, 642 (6th Cir. 2018); *Barry v. Lyon*, 834 F.3d 706, 722-33 (6th Cir. 2016). "We 'will find an abuse of discretion only where there is a definite and firm conviction that the trial court committed a clear error of judgment.'" *Luna v. Bell*, 887 F.3d 290, 294 (6th Cir. 2018) (quoting *Good v. Ohio Edison Co.*, 149 F.3d 413, 423 (6th Cir. 1998)).

Barnaby appealed only one discovery order: a construed motion for reconsideration. That one order, though, concerned two separate matters. And those two matters each involved several other district court orders.

The first matter concerned Barnaby's motion to strike the defendants' brief and for sanctions. Barnaby moved to strike the defendants' response in opposition to his motion for summary judgment because it was one page too long under the court's local rules. He also moved for sanctions because the defendants, he alleged, continued to fraudulently misrepresent the date of a particular judgment of foreclosure. The district court granted Barnaby's motion to strike in part, but rather than strike defendants' entire filing, the court merely ordered the last page of the

defendants' response stricken. The court also denied Barnaby's request for sanctions because his complaint asserted claims for fraudulent misrepresentation and omission and thus those were issues to be decided on the merits and not at the discovery stage. Barnaby moved for reconsideration, arguing that, without the last page, the defendants' brief was inadmissible because it lacked signatures. He also maintained that the district court should decide the sanctions issue at that time rather than wait for the matter to be litigated. The court denied that reconsideration motion. Undeterred, Barnaby filed yet another motion to reconsider both the court's original order and its order denying reconsideration. The district court denied that motion as frivolous and warned Barnaby that more frivolous filings would merit sanctions. Barnaby filed an "objection" to that order. The district court construed it as another motion for reconsideration and denied it in the order from which Barnaby now appeals.

The second discovery matter that was part of that appealed order came out of Barnaby's second motion to compel. The district court granted that motion in part and denied it in part, directing the defendants to answer some of Barnaby's discovery requests. After the defendants attempted to comply, Barnaby filed a motion for sanctions, asserting that the defendants had violated the district court's order in two ways. First, the district court had ordered the treasurer to file an affidavit attesting to his efforts to find a certain email that Barnaby had requested, but, while the defendants filed a pertinent response, Barnaby noted that it was not in the form of an affidavit from the treasurer. Second, Barnaby asserted that the defendants did not produce contracts that they had allegedly entered into in 2010 about property taxes, despite the district court's order that they respond to Barnaby's request for them. The district court determined that Barnaby was correct on the first issue. But because the treasurer had since filed an affidavit containing the same information as that in the defendants' original response, the court held that Barnaby had not

suffered prejudice and was therefore not entitled to relief. On the second issue, the district court noted that the defendants had responded that no such contracts existed. Barnaby protested that their response was inaccurate, but the district court denied his motion because he had no evidence to support his claim. Barnaby filed another "objection" to that order. The district court construed it as a motion for reconsideration and denied it, too, in the order from which Barnaby appeals.

On appeal, Barnaby argues that the district court erred by not sanctioning the defendants. He maintains that defendants' response brief was inadmissible, that they disobeyed the district court's discovery order. He also faults the district court for construing his "objections" as motions for reconsideration.

The district court did not err in so construing Barnaby's "objections." Parties may file objections to some decisions by a magistrate judge. *See* Fed. R. Civ. P. 72(b)(2). But here, the parties had consented to the magistrate judge's jurisdiction. *See* 28 U.S.C. § 636(c); Fed. R. Civ. P. 73. Thus, the magistrate judge was exercising the jurisdiction of the district court when she issued her order, and there is no such thing as an "objection" to a district court's order. The court, then, construed Barnaby's "objections" as motions for reconsideration for his benefit, as it appropriately held him to the less exacting standards afforded pro se litigants. *See Brent v. Wayne Cty. Dep't of Human Servs.*, 901 F.3d 656, 676 (6th Cir. 2018).

We also find no error in the district court's handling of the defendants' response brief. "The interpretation and application of local rules 'are matters within the district court's discretion.'" *S.S. v. E. Ky. Univ.*, 532 F.3d 445, 451 (6th Cir. 2008) (quoting *Wright v. Murray Guard, Inc.*, 455 F.3d 702, 714 (6th Cir. 2006)). The district court did not abuse its discretion by striking the last page of the brief but considering it otherwise properly filed.

The district court likewise did not abuse its discretion by declining to sanction the defendants. As the district court held, Barnaby's request for sanctions was based on his belief that the defendants flouted the discovery order with fraudulent misrepresentations, but that was merely his unsupported belief, and the issues were central to the merits of the case. Moreover, the discovery issues ended up being irrelevant to resolving the litigation, which turned on principles of res judicata and collateral estoppel. The district court acted within its discretion here.

As for the dismissal of Barnaby's complaint, we review a decision to grant summary judgment de novo. *Libertarian Party of Ohio v. Husted*, 831 F.3d 382, 394 (6th Cir. 2016). Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

On appeal, Barnaby raises many arguments that he presented both below about the merits of his claims and in his appeal of the discovery matters. He asserts that the partial-payment-plan agreement existed, that the defendants violated it, and that they fraudulently misled the district court about it. He also argues that the law-of-the-case doctrine applies.

But the district court correctly determined that Barnaby's claims were barred by res judicata and collateral estoppel. Under those doctrines, also called claim and issue preclusion, federal courts must give state-court judgments the same preclusive effect to which they are entitled under the laws of that state. *See AuSable River Trading Post, LLC v. Dovetail Sols., Inc.*, 874 F.3d 271, 274 (6th Cir. 2017). In Michigan, "a 'second, subsequent action' is barred by res judicata when '(1) the prior action was decided on the merits, (2) both actions involve the same parties or their privies, and (3) the matter in the second case was, or could have been, resolved in the first.'" *Id*. (quoting *Adair v. State*, 680 N.W.2d 386, 396 (Mich. 2004)). And "[r]es judicata is applied broadly by Michigan courts, barring 'not only claims already litigated, but also every claim arising

from the same transaction that the parties, exercising reasonable diligence, could have raised but did not.'" *Id.* (quoting *Adair*, 680 N.W.2d at 396). Collateral estoppel applies in a subsequent case when: (1) the parties are the same in both cases; (2) there was a valid, final judgment in the first case; (3) the same issue was actually litigated and necessarily determined in that first case; and (4) the parties had a full and fair opportunity to litigate the issue in that earlier case. *Darrah v. City of Oak Park*, 255 F.3d 301, 311 (6th Cir. 2001) (citing *People v. Gates*, 452 N.W.2d 627, 630-31 (Mich. 1990)).

Barnaby's claims for fraudulent misrepresentation, fraudulent omission, negligence, theft, breach of contract, and breach of the duty of good faith and fair dealing all rely on his assertion that he and the treasurer entered into a partial-payment agreement that the treasurer violated by selling his property at auction. But Barnaby litigated that issue in state court against the county and the treasurer, and the Michigan trial court determined that he did not prove that the agreement existed. He cannot try to prove in federal court what he failed to prove in state court. Similarly, the state court rejected Barnaby's motion to rescind the property sale because the court determined that the sales procedure did not violate Barnaby's due process rights. That ruling bars Barnaby's due-process claim here on the same grounds.

Barnaby also invokes the law-of-the-case doctrine, which prevents a court from reconsidering issues that it had already decided at an earlier stage of a case. *Vander Boegh v. EnergySolutions, Inc.*, 772 F.3d 1056, 1071 (6th Cir. 2014). Barnaby observes that when the district court originally dismissed his claims under the *Rooker-Feldman* doctrine, the defendants had also argued that principles of res judicata barred them. He concludes, then, that the law-of-the-case doctrine should have prohibited the district court from holding on remand that his claims were barred under res judicata principles. "But the [law-of-the-case] doctrine applies only if the

appellate court 'either expressly or by necessary implication decides an issue.'" *Haddad v. Alexander, Zelmanski, Danner & Fioritto, PLLC*, 758 F.3d 777, 781 (6th Cir. 2014) (quoting *Bowles v. Russell*, 432 F.3d 668, 676 (6th Cir. 2005), *aff'd*, 551 U.S. 205 (2007)). Our prior decision held only that *Rooker-Feldman* did not apply; we said nothing about issue and claim preclusion, which were not part of the district court's ruling and thus not before us.

For these reasons, we **AFFIRM** the district court's judgment.